J-S61022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RUSSELL BARRY HARKINS | |
| Appellant | No. 1916 WDA 2015 |

Appeal from the PCRA Order November 16, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000048-2015

BEFORE:  PANELLA, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED SEPTEMBER 1, 2016**

Russell Barry Harkins appeals *pro se* from the trial court's order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On May 18, 2015, Harkins entered an open guilty plea to access device fraud (M-1)[1] before the Honorable John Garhart.  On July 9, 2015, the Honorable Shad Connelly sentenced Harkins to 1-2 years' imprisonment and ordered him to pay $97 in restitution to the victim.  No post-sentence motions or direct appeal were filed.  On September 8, 2015, Harkins filed a

_____

[1] 18 Pa.C.S. § 4106(1)(ii).  The criminal complaint charged Harkins with access device fraud as well as several theft offenses, 18 Pa.C.S. § 3921(a) (theft by unlawful taking/disposition) and 18 Pa.C.S. § 3924 (theft of property lost, mislaid or delivered by mistake).  **See** Commonwealth's Criminal Complaint, 9/23/14, at 1-4.

timely *pro se* PCRA petition alleging that counsel was ineffective for not "communicating anything during the proceedings" and claiming that the trial judge inappropriately predetermined Harkins' sentence before ordering a presentence investigation report (PSI). PCRA Petition, 9/8/15, at 3. PCRA counsel was appointed to represent Harkins; counsel subsequently sought and was granted leave to withdraw.[2] On November 16, 2015, the trial court denied Harkins' PCRA petition for the following reasons:

> [C]ounsel was not ineffective in representing the defendant. Collaterally thereto, the defendant's plea was voluntary and knowingly entered and he was given a sentence below the mitigated range of the guidelines. The Court was also properly informed by a pre-sentence report at the time of sentencing.

Opinion and Pa.R.Crim.P. 907(a) Notice of Intent to Dismiss PCRA Without Hearing, 10/23/15, at 1; *see also* Memorandum Opinion, 12/18/15 (court relies upon October 23, 2015 opinion/notice of intent to dismiss and November 16, 2015 final order dismissing PCRA petition to address issues raised in Harkins' notice of appeal). On November 30, 2015, Harkins filed this timely appeal.[3]

_____

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) (setting forth requirements for counsel to properly withdraw from collateral appeal, including filing brief that includes description of nature and extent of counsel's review, list of issues petitioner wishes to raise, and explanation of why issues lack merit); *see also Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

[3] The trial court did not order Harkins to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On appeal, Harkins raises the following issues for our review:

(1)   Was counsel effective during or after trial?

(2)   Did counsel fail to file a Motion to Withdraw as counsel?

(3)   Is counsel obligated to file appeals upon request?

(4)   Did PCRA Attorney fail to correct and/or amend Defendant's PCRA [petition]?

Appellant's Brief, at iv.

In his brief, Harkins argues that counsel was ineffective for not filing either a post-trial motion to modify his sentence or a direct appeal. Harkins claims that because of counsel's inaction, he was essentially abandoned.

Harkins did not raise this issue in his *pro se* PCRA petition; therefore, it was never presented before the PCRA court. Rather, in his *pro se* petition, Harkins claimed that counsel was ineffective for failing to "communicate [any]thing [to him] during the [plea] proceedings." PCRA Petition, 9/8/15, at ¶ 5(C). Accordingly, we find the claim of ineffectiveness for failure to file post-sentence motions or a direct appeal waived. *See Commonwealth v. Mason*, 130 A.3d 601, 627 (Pa. 2015) (claims raised outside of court-authorized PCRA petition are subject to waiver); Pa.R.Crim.P. 902(B) (failure to state ground in petition shall preclude defendant from raising ground in any proceeding for post-conviction collateral relief).

Order affirmed.[4]

_____

[4] We also note that the other issue raised in Harkins' PCRA petition, that the plea judge predetermined his sentence without first considering a PSI report, is meritless. After entering his plea, the trial judge, the Honorable John Garhart, suspended sentencing so that it could order and review a PSI. Sentencing occurred before a different judge, President Judge Connelly. At sentencing, counsel noted that based on Harkins' significant prior record, he was facing a rather harsh standard-range sentence under the guidelines and, accordingly, suggested a mitigated-range sentence. In response, the court stated:

> **The Court has considered** the Pennsylvania Sentencing Code, **the presentence report** and the Pennsylvania Guidelines on Sentencing. The Court has also considered the statements of defense counsel, the defendant and the attorney for the Commonwealth. The Court has considered this defendant's age, background, character and rehabilitative needs; the nature, circumstances and seriousness of the offense and the protection of the community.
>
> **However, the defendant comes before the Court as a repeat felony offender. And that has generated the Guidelines as they are set forth, and the defendant has earned that with his prior conduct. So there is no getting around that.**
>
> The facts in this case as have been pled to indicate that the defendant did find a check and then took steps to convert it to his own use and committed the crime of access device fraud, which is a misdemeanor of the first degree, punishable by up to five years of incarceration. So the charge is not a minor offense. The acts of the defendant are not certainly the most heinous. But nonetheless, they do represent a repeat felony defendant who knew what he was doing was wrong and decided to do it anyway, and now places himself before the Court to face those consequences.
>
> His acceptance of responsibility he has acknowledged in terms of his plea. But frankly, his acknowledgement comes only after he was apprehended and then faced with either having to plea or go

*(Footnote Continued Next Page)*

J-S61022-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/1/2016

---

*(Footnote Continued)* ──────────────

> to trial. So I'm not sure how much weight that carries. Under all of the circumstances, however, the Court is willing to impose the following sentences, which will be actually below the mitigated range of the Sentencing Guidelines. It will, nonetheless, be a state sentence[.]

N.T. Sentencing, 7/9/15, at 9-10 (emphasis added).

Here, where the sentencing judge stated on the record that it considered Harkins' PSI prior to imposing sentence, we will not disturb the sentence. *See **Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988) ("Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.").